UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANFORD B. HOOKER, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil No. 12-1358 (RCL) |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA), an Agency of the Untied States; Charles F. Bolden, Jr., Administrator of NASA, in his official capacity, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## **MEMORANDUM OPINION**

Plaintiff Stanford B. Hooker ("Hooker") brought this action alleging violations of the Privacy Act, 5 U.S.C. § 522a ("Privacy Act") by defendant, National Aeronautics and Space Administration ("NASA"), in their investigation of workplace misconduct allegations against Hooker. NASA now moves to transfer the action to the District of Maryland or, in the alternative, to dismiss for failure to state a claim. Def.'s Mot. to Transfer or Dismiss, ECF No. 9. For the reasons given below, the Court will GRANT the motion to transfer and DENY the motion to dismiss.

**I.    BACKGROUND**

Hooker, a resident of the state of Maryland, is employed by NASA as an Oceanographer at their Goddard Space Flight Center ("Goddard") in Greenbelt, Maryland. Compl. ¶¶ 1–2. In August 2010, Goddard officials initiated a workplace misconduct investigation against Hooker involving statements he allegedly made to contractors working under his supervision at Goddard.

*Id.* ¶ 7. The contractors in question were employed by Science Systems and Applications, Inc., ("SSAI"), which is headquartered in Lanham, Maryland. Def.'s Mem. in Supp. of Mot. to Transfer or Dismiss 4, ECF No. 9. Based on the investigation's results, NASA took a number of corrective actions against Hooker, including issuing a three-day suspension. *Id.* at 9.

Hooker filed the present action in August 2012 arguing, among other things, that NASA violated the Privacy Act by failing to "collect information to the greatest extent practicable" directly from Hooker himself, the subject of the investigation. Compl. ¶¶ 76-78. NASA subsequently moved to transfer venue to the District of Maryland under 28 U.S.C. § 1404(a), or, in the alternative, to dismiss for failure to state a claim under Rule 12(b)(6). Def.'s Mot. to Transfer or Dismiss, ECF No. 9.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The movant "bears the burden of establishing that the transfer of this action is proper." *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001).

Courts have identified several private-interest and public-interest factors to be considered in determining whether the "convenience of the parties and witnesses" and "the interest of justice" favor a transfer of venue. *Wildearth Guardians v. U.S. Bureau of Land Management*, ___ F. Supp. 2d ____, No. 12-708, 2013 WL 524407, at *2 (D.D.C. Feb. 13, 2013). Relevant

private-interest factors include the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, and the convenience of witnesses and other sources of proof. *Id.* Public-interest factors include the desire to avoid multiplicity of litigation as a result of a single transaction or event, the local interest in deciding local controversies at home, and the relative familiarity of both venues with the governing laws. *Id.*

## III. ANALYSIS

NASA has established that transfer to the District of Maryland is proper because the action could have been filed in the District of Maryland originally and both the private and public interest factors favor transfer.

### A. The Action Could Have Been Filed in the District of Maryland

As a threshold matter, this Court finds that Hooker could have originally filed this action in the District of Maryland. An action under the Privacy Act may be brought, among other places, "in the district court of the United States in the district in which the complainant resides…." 5 U.S.C. § 552a (g)(5). Hooker resides in Maryland and does not contest that this action could have been properly brought in the District of Maryland. *See* Pl.'s Mem. in Op. to Def.'s Mot. to Transfer or Dismiss 12–15. This requirement is satisfied.

### B. Private Interest Factors Favor Transfer

The private interest factors weigh in favor of transfer to the District of Maryland. Hooker's choice of venue only slightly militates against transfer. Although a plaintiff's choice of forum is ordinarily given "great deference," this deference is lessened when the plaintiff is not a resident of their chosen venue, as is the case here. *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981)). Each of the remaining private interest factors strongly favors transfer.

Defendant NASA wishes to litigate this matter in the District of Maryland. The events giving rise to Hooker's claim occurred entirely in Maryland. Potential witnesses, including both Goddard and SSAI employees, work in Maryland, and other potential sources of proof, including records relating to the workplace misconduct investigation, would be housed at Goddard. The private interest factors favor transfer.

### C. Public Interest Factors Favor Transfer

The public interest factors weigh in favor of transfer to the District of Maryland. Maryland has a strong interest in deciding controversies between Maryland citizens and Maryland employers. *See Sheffer v. Novartis Pharmaceuticals Corp.*, 873 F. Supp. 2d 371, 381 (D.D.C. 2012). All district courts are considered to be equally familiar with the application of federal law such as the Privacy Act, so this factor does not weigh in either direction. *Sheffer*, 873 F. Supp. 2d at 379 (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).

## IV. CONCLUSION

In sum, because both the private and public interest factors favor transfer, the Court will grant NASA's motion and transfer the case to the District of Maryland.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on August 21, 2013.